IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Criminal No. 17-7 |
| v. ) | |
| ) | |
| JEFFREY ROGERS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.   Introduction**

Pending before the court is a motion for compassionate release filed by Defendant Jeffrey Rogers ("Rogers" or "Defendant") (ECF No. 455). Rogers also attached a handwritten letter (ECF No. 455 at 7), a release plan (ECF No. 456) and memorandum of law in support of his motion, with various attachments (ECF No. 457).[1] The government filed a response in opposition to the motion (ECF No. 459). The motion is ripe for decision.

**II.   Factual and Procedural Background**

On March 19, 2018, Rogers pleaded guilty to: (1) a lesser included offense at count one of the superseding indictment at Criminal No. 17-7, specifically, conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl; and (2) a lesser-included offense at count two, specifically, distribution and possession with intent to distribute fentanyl without the additional allegation that death resulted from that distribution.

---

[1] Because Rogers (and the inmate who assisted him) did a thorough and competent job in presenting his arguments, Rogers' request for appointment of counsel will be denied.

The guilty pleas were entered in accordance with a Rule 11(c)(1)(C) plea agreement, with an agreed-upon sentence. As part of the plea agreement, Rogers received several substantial benefits: (1) the government agreed to allow Rogers to plead guilty to a lesser-included offense at count 1, which reduced the amount of fentanyl; (2) the government agreed to allow Rogers to plead guilty to a lesser-included offense at count 2, which removed the allegation that death resulted from Rogers' drug dealing – and would have required a mandatory sentence of life imprisonment upon conviction; and (3) the government agreed to a significant downward variance from the guideline range applicable to those lesser-included offenses. Because Rogers was classified as a career offender, his guideline range of imprisonment was 262-327 months. Rogers and the government agreed that a term of imprisonment of 216 months, to be followed by 8 years of supervised release, was the appropriate sentence. On July 11, 2018, the court accepted the parties' Rule 11(c)(1)(C) plea agreement and imposed the agreed-upon sentence.

Rogers is now 42 years old. Rogers's release date is currently scheduled for April 22, 2032. https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results, last visited April 25, 2025.

### III.    Discussion

#### A.  Applicable Law

"A federal court generally may 'not modify a term of imprisonment once it has been imposed.'" Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). The Third Circuit Court of Appeals has recognized that Congress enacted exceptions to this "general rule of finality" in 18 U.S.C. § 3582(c)(1). United States v. Easter, 975 F.3d 318, 323 (3d Cir.

2020) (explaining that "[s]entence modifications under § 3582(c) constitute 'exception[s] to the general rule of finality' of sentences") (quoting Dillon, 560 U.S. at 824).

Prior to the enactment of the First Step Act, only the Director of the BOP could file a motion for a sentence reduction under §3582(c)(1)(A)(i). Ray v. Finley, No. 3:19-CV-0988, 2019 WL 5569616, at *3 (M.D. Pa. Oct. 29, 2019). The First Step Act, among other things, amended § 3582(c)(1)(A) and expanded the compassionate release and reduction in sentencing programs by permitting the filing of a motion in federal court by an inmate, after the inmate exhausted administrative remedies through the BOP. United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) (citing 18 U.S.C § 3582(c)(1)(A)(i)).

Section 3582(c)(1)(A), as amended by the First Step Act, provides in pertinent part:

> **(c) Modification of an imposed term of imprisonment.** —The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>>
>>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person

> or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1)(A). The foregoing statutory provision sets forth a three-part analysis for district courts to utilize to resolve a motion for compassionate release after the court has determined that the inmate exhausted the administrative remedies. First, the Third Circuit Court of Appeals has instructed that pursuant to § 3582(c)(1)(A), the district court needs to find that "'extraordinary and compelling reasons warrant such a reduction.'" United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Second, "a district court must 'consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)). Third, the district court must consider whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission, 18 U.S.C. § 3582(c)(1)(A). United States v. Doe, 833 F. App'x 366, 367 n.2 (3d Cir. 2020).

Based upon the foregoing, to grant Rogers compassionate release under § 3582(c)(1)(A), the court must analyze whether: (1) extraordinary and compelling reasons exist for his release; (2) compassionate release is warranted in consideration of the § 3553(a) factors;[2] and (3)

---

[2] The factors set forth in 18 U.S.C. § 3553(a) are:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);
- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);
- the sentencing range established by the Sentencing Commission, § 3553(a)(4);
- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);
- the need to avoid unwarranted sentence disparities among defendants with

compassionate release is consistent with applicable policy statements issued by the Sentencing Commission.

Rogers cites the following as extraordinary and compelling reasons: (1) the catchall provision in U.S.S.G. § 1B1.13(b)(5); (2) the length of his sentence compared to sentences imposed on other defendants for the commission of other serious crimes; and (3) his rehabilitation efforts and remorse. (ECF No. 457).

Rogers bears the burden of proof by a preponderance of the evidence to show that he is entitled to compassionate release. United States v. Smith, No. CR 9-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020) (citing United States v. Adeyemi, 470 F. Supp. 3d 489 at *512 (E.D. Pa. 2020)). Courts have held that to satisfy this burden, a movant must produce evidence to the court. See, e.g., United States v. Matthews, No. CR 09-612-1, 2020 WL 5217132, at *6 (E.D. Pa. Sept. 1, 2020).

Paraphrasing 18 U.S.C. § 3582(c)(1)(A), "under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." United States v. Sellers, No. CR 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020)).

---

similar records who have been found guilty of similar conduct, § 3553(a)(6); and
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

### B. Application of the Law

#### 1. Exhaustion

Rogers requested compassionate release from the warden based on: (1) a sentencing disparity between himself and his co-defendants; (2) his programming (i.e., his participation in educational and vocational training while incarcerated); and (3) his clear conduct. ECF No. 457-2. Rogers attached the warden's rejection of his administrative request for release. *Id.* The government agrees that Rogers exhausted some of the claims he now presents to the court, but challenges exhaustion with respect to his argument about a sentencing disparity between himself and other crimes committed by other defendants in other cases. (ECF No. 459 at 6-7). The court will assume, without deciding, that Rogers exhausted his administrative remedies with respect to that argument.

#### 2. Extraordinary and Compelling Reasons

A sentencing court may reduce a prisoner's sentence if "'extraordinary and compelling reasons warrant such a reduction' and the reduction is consistent with both the Commission's policy statements and the sentencing factors set forth in 18 U.S.C. § 3553(a)." United States v. Rutherford, 120 F.4th 360, 364 (3d Cir. 2024) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The court commented that "[a] sentencing court must first conclude, as a matter of law, that a prisoner is *eligible* for a sentence reduction before it decides whether he *qualifies* for a reduction." Id. (emphasis in original). The court "explained that 'whether any given prisoner has established an extraordinary and compelling reason for release' is a 'threshold question' that determines a prisoner's eligibility for compassionate release." Id. (quoting United States v. Stewart, 86 F.4th 532, 535 (3d Cir. 2023)).

"Congress did not define 'extraordinary and compelling reasons' except to provide

'rehabilitation…alone' does not suffice." Adeyemi, 470 F. Supp. 3d 489, at *499 (quoting 28 U.S.C. § 994(t)). The Third Circuit Court of Appeals has explained that "compelling and extraordinary" reasons for the reduction of a sentence are "defined by the commentary to policy statement U.S.S.G. § 1B1.13." United States v. Handerhan, 789 F. App'x 924, 925 (3d Cir. 2019) (citing United States v. Barberena, 694 F.3d 514, 521 n.10 (3d Cir. 2012)). After the First Step Act was enacted "extraordinary and compelling reasons" were considered to apply to prisoner-initiated motions, as well as to BOP-filed motions for compassionate release. Rutherford, 120 F.4th at 365; see United States v. Andrews, 12 F.4th 255 (3d Cir. 2021).

In April 2023 the Sentencing Commission issued an Amendment to the Policy Statement officially defining "extraordinary and compelling reasons" for prisoner-filed motions for compassionate release. Id. The 2024 Guidelines Manual contains the updated policy statement. As relevant to the pending motion, the policy provides that the court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it determines: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant is not a danger to any person or the community; and (3) the reduction is consistent with the policy.  U.S.S.G § 1B1.13.  The policy identifies potential extraordinary and compelling reasons based on (1) medical circumstances of the defendant; (2) age; (3) family circumstances; (4) victim of abuse; (5) other reasons similar in gravity to (1)-(4); and (6) an unusually long sentence.  Id.

In this case, Rogers cites only the catchall provision in § 1B1.13(b)(5), which provides:

(5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

The court of appeals noted "'when deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties'

7

arguments.' . . . [The] order may be brief and need not be a point-by-point rebuttal[.]" United States v. Alicea, No. 22-2176, 2023 WL 3947212, at *2-3 (3d Cir. June 12, 2023) (quoting Concepcion v. United States, 597 U.S. 481, 500-01 (2022)). The court will address the three grounds articulated by Rogers.

### a.    Catch-all provision

Rogers essentially argues that he did not intend for his drug dealing to result in the loss of life, and he is remorseful for his conduct. He argues that other defendants who committed crimes with actual intent to cause harm (such as murder, kidnapping, robbery, kidnapping, sexual abuse, etc.) received shorter sentences than he did. (ECF No. 457).

The government points out, correctly, that § 1B1.13(b)(6) is a provision that directly addresses claims for compassionate release based on an unusually long sentence. Rogers does not qualify for relief under that provision because he has not yet served 10 years in prison. It appears that Rogers is seeking to avoid the limits in (b)(6) by seeking relief under (b)(5). *See United States v. Washington*, 122 F.4th 264, 267 (6th Cir. 2024) ("the catch-all provision is not a home for complaints that the generally applicable penalties set by Congress are too harsh.").

In any event, Rogers has not pointed to any circumstance similar in gravity to the reasons set forth in §§ (b)(1-4). He is serving the prison term that he agreed – in the plea agreement – was appropriate. That prison term represents a significant downward variance from the advisory guideline range, which was calculated to reflect the lesser-included offenses. As part of the plea agreement the government agreed to withdraw the charge with respect to the death of a user (for which Rogers acknowledged responsibility), which would have resulted in a mandatory life sentence if he was convicted.

In sum, Rogers did not articulate an extraordinary or compelling reason for relief under the

catchall provision in (b)(5).

### b. Sentence disparity

The analysis set forth above is also applicable to Rogers' argument about an alleged sentence disparity with other individuals who committed other crimes in other cases and with other defendants in this case. To repeat, Rogers agreed that his prison term in this case was the appropriate sentence. That prison term resulted from a plea agreement which provided Rogers significant benefits and is well below the advisory guideline range (which was driven in part by Rogers' status as a career offender). It is noteworthy that, among other distinguishing factors, the two other defendants referred to in Rogers' motion had significantly lower guideline ranges and were not classified as career offenders. Rogers does not challenge his guideline calculation or seek to repudiate the benefits he received in the plea agreement. Rogers' citation to prison terms imposed on other people is, therefore, not an extraordinary or compelling reason for release.

### c. Rehabilitation efforts

Rogers points to his completion of residential drug treatment, obtaining a personal trainer certification, participation in other rehabilitative efforts, and his remorse for his criminal conduct. The rehabilitation of a defendant, by itself, cannot be an extraordinary and compelling reason; but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d) (citing 28 U.S.C. 994(t)).

Rogers' efforts to rehabilitate himself while incarcerated are commendable and the court encourages him to continue those efforts. If Rogers met his burden to demonstrate other circumstances justifying release, the court would consider his rehabilitative efforts as part of its assessment of the extent to which a reduction in his term of imprisonment would be warranted.

Id.  The court will not undertake that analysis at this time because, as explained above, Rogers did not point to another extraordinary and compelling basis for compassionate release.

### 3.  § 3553 Factors

Release must also be warranted by the § 3553 factors.  In this case, because Rogers did not meet his threshold burden to demonstrate an extraordinary and compelling reason for compassionate release, the court will not weigh the § 3553 factors.

### 4.  Request for RDAP

As alternative relief, Rogers requests that the court order his participation in the Bureau of Prisons' Residential Drug Treatment Program ("RDAP").  In the judgment entered in Rogers' case, the court recommended to the BOP that Rogers be able to participate in the RDAP.  Rogers is now asking the court to order the BOP that he be placed in the RDAP.  Rogers recognizes that participants are usually enlisted according to their projected release date, and that his request was denied with the explanation that he would "move up on the RDAP list" if his release date changes. (ECF No. 457-5).

The court lacks authority to grant this relief.  *See United States v. Saul*, No. 09-CR-0781-2, 2014 WL 3508640, at *1 (E.D. Pa. July 16, 2014) (BOP has sole discretion to determine which prisoners are eligible for substance abuse treatment).  In *Tapia v. United States*, 564 U.S. 319 (2011), the Supreme Court explained:

> If Congress had similarly meant to allow courts to base prison terms on offenders' rehabilitative needs, it would have given courts the capacity to ensure that offenders participate in prison correctional programs. But in fact, courts do not have this authority. When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over "the place of the prisoner's imprisonment," [18 U.S.C.] § 3621(b), and the treatment programs (if any) in which he may participate,

§§ 3621(e), (f); § 3624(f). *See also* 28 CFR pt. 544 (2010) (BOP regulations for administering inmate educational, recreational, and vocational programs); 28 CFR pt. 550, subpart F (drug abuse treatment programs). A sentencing court can recommend that the BOP place an offender in a particular facility or program. *See* [18 U.S.C.] § 3582(a). But decisionmaking authority rests with the BOP.

*Id.* at 330-31.

### IV.   Conclusion

For the reasons set forth above, Rogers' motions for compassionate release (ECF No. 455) will be denied without prejudice to reassert if Rogers' circumstances change.

An appropriate order will be entered.

BY THE COURT,

Dated: May 14, 2025

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge